UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | CASE NO. 1:07 CV 930 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ACTION SOFTWARE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 29, 2007, plaintiff pro se Frederick Banks filed the above-captioned action under 42 U.S.C. §§ 1983 and 1985 against Action Software and Action Software Employee Samantha Belfer. In the complaint, plaintiff alleges that his company delivered $ 394,000.00 worth of software to Action Software, but neither received payment not the return of the merchandise. He seeks $90,375,000.00 in damages.

**Background**

Mr. Banks is currently incarcerated in the Federal Correctional Institution in Yazoo City, Mississippi (FCI-Yazoo City). The defendants are a company doing business in Eastlake, Ohio and one if its employees.

Mr. Banks contends that on or about December 2002, Action Software placed on

order with Mr. Banks for $ 394,000.00 of software and gave him a deposit of $ 30,000.00. He claims that his "agents" sent the requested software. Action Software claimed that the product they received was nonconforming and refused to pay the balance of $ 375,000.00 or return the software. Because the product was sent cash-on-delivery ("C.O.D."), Action Software gave UPS a check in the amount of $ 49,999.99. They soon stopped payment on that check. Mr. Banks asserts that the defendants deprived him of due process and equal protection, committed civil conspiracy, and are liable to him for the tort of conversion of personal property. He seeks the balance owed on the account, $ 5,000,000.00 for violation of his civil rights, $ 25,000,000.00 for civil conspiracy, and $ 60,000,000.00 in punitive damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As a threshold matter, Mr. Bankshas not stated a claim for relief under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). There are no allegations in the complaint which reasonably suggest that these private party defendants could be considered to have acted under color of state law.

Furthermore, plaintiff's claim under 42 U.S.C. § 1985 must also be dismissed. To establish a violation of § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges no facts to suggest how the defendants, a corporation and its employee, conspired together, in what manner they deprived him of his right to equal protection of the law, or that their actions were in any way motivated by plaintiff's race.

Finally, Mr. Banks states a claim for the tort of conversion of personal property.

3

This claim, however, would collaterally attack his convictions, and as such, it cannot be asserted in a civil action. See United States v. Banks, No. 2:03 cr 245 (WD Pa. indictment filed Oct 7, 2003); see also United States v. Banks, No. 2:04 cr 176 (WD Pa. indictment filed July 20, 2004).

In 2002, Mr. Banks opened a seller's account at Amazon.com using the names Rick Burgess and John Cain. See United States v. Vampire Nation aka Frederick Hamilton Banks, 451 F.3d 189, 193 (3rd Cir. 2006). Through this account, Mr. Banks posted for sale several Microsoft products for which he set the prices and posted information concerning the product's condition. Id. He sold copies of Microsoft products to various buyers from 2002 to 2003. Id. These buyers suspected that the software they purchased was illegally copied because the product they received contained generic white compact discs ("CDs") with fake labels and fake package inserts. Id. By 2003, Amazon had received so many complaints that it froze Mr. Banks's seller's account. Id. Banks then opened a new seller's account on Amazon.com under the name Mark Howard. Id. Using this new account, Banks continued offering various Microsoft products for sale. Id.

> One Buyer, Action Software, Inc. purchased a total of $294,859.00 of Microsoft products from Banks. Action Software expected to receive 50 boxes of product, but only 5 boxes of product arrived via United Parcel Service ("UPS"), which boxes contained CDs with the IBM name on them. After opening one of these boxes, Action Software's representative, Samantha Belfer, concluded the company had been defrauded. However, because Banks had sent the CDs cash-on-delivery, Belfer had already given UPS a check for $49,000.00 made out to Banks in exchange for the CDs.

Id.. Ms. Belfer contacted the Federal Bureau of Investigation which initiated an investigation. Id. An FBI search of Mr. Banks's residence revealed computers, blank CDs, a CD duplicating machine, and empty boxes from Microsoft and IBM software. Id.

Mr. Banks was indicted on October 7, 2003 and charged with crimes stemming from his actions with Action Software and other buyers. Id. A jury in the Western District of Pennsylvania convicted Mr. Banks on October 15, 2004, on charges of mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, and witness tampering. Id. He was sentenced to 60 months imprisonment with three years of supervised released and ordered to pay $ 70,708.59, the amount of his mail fraud proceeds. Id. at 194.

Mr. Banks has now filed a civil action attempting to get payment for the CDs he shipped to Action Software claiming they kept his property and did not forward the purchase price. A prisoner may not raise claims in a civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Banks raises a claim which, if found to have merit, would require this court to conclude that the CDs which were delivered to Action Software were not illegally copied and he was in fact entitled to be paid for his property. This would certainly call into question the validity of his convictions for mail fraud and criminal copyright infringement. As such, Mr. Banks must also allege his convictions were declared invalid on direct appeal or a federal habeas corpus decision. He has not done so and his claim therefore must be dismissed.

## Conclusion

Accordingly, this action is dismissed as pursuant to 28 U.S.C. §1915(e). Further,

5

the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

   IT IS SO ORDERED.

                    s/Ann Aldrich
                    ANN ALDRICH
                    UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.